## EX PARTE T. J. BASHAM.

### No. 1811. Decided March 6, 1912.

#### Rehearing Denied April 10, 1912.

**1.—Habeas Corpus—Statement of Facts—Presumption.**

In the absence of a statement of facts or other matters shown by the record, the law requires the Appellate Court to presume that in habeas corpus proceedings the judgment of the lower court is correct and supported by the evidence. Following Ex parte Naill, 59 Texas Crim. Rep., 140, and other cases.

**2.—Same—Extradition—Case Stated.**

Where relator was held under extradition papers and sued out a writ of habeas corpus before a district judge, who remanded him to the custody of an officer, from which judgment he gave notice of appeal, but filed no statement of facts in the Appellate Court, the judgment must be affirmed.

Appeal from the District Court of Travis County in vacation. Tried below before the Hon. Chas. A. Wilcox.

Appeal from extradition proceedings remanding relator to the custody of the sheriff.

The opinion states the case.

*Warren W. Moore,* for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The record in this case consists solely of this: An application by T. J. Basham to Judge Wilcox of the 26th Judicial District for a writ of habeas corpus claiming that he was unlawfully restrained of his liberty without any writ or authority, or color of authority by the city marshal and the city clerk of the city of Austin, Texas. On the same day the judge granted this habeas corpus by proper order, the writs issued and were served upon the city marshal and city clerk. The only other proceeding shown by the record is the judgment of the court rendered on December 30 reciting that the applicant was presented before him by the city marshal and clerk and that he appeared in person and by counsel "and thereupon the said application was duly presented to the court and the court, after having heard the same and the evidence and argument of counsel, the court is of the opinion and so finds that the said applicant should be remanded to the custody of George S. Matthews, sheriff of Travis County, Texas, and that the said applicant be by said Matthews turned over to Jack Spain, agent of the State of Oklahoma." Then so orders, adjudges and decrees. The applicant gave notice of appeal from this and the court by further order directs that the said sheriff retain the custody of the applicant until the final determination of said appeal and subject to the further orders of the Court of Criminal Appeals of Texas.

There being no statement of facts or other matters shown by the

record, the law requires us to presume that the judgment of the lower court was correct and fully supported by the evidence. Ex parte Naill, 59 Texas Crim. Rep., 140; Ex parte Robertson, 63 Texas Crim. Rep., 280, 140 S. W., 98.

The judgment is, therefore, affirmed and it will be the order of this court that the applicant be remanded to the custody of the sheriff of Travis County to be by him delivered to the said Jack Spain or other agent of the State of Oklahoma.

*Affirmed.*

[Rehearing denied April 10, 1912.—Reporter.]