EX PARTE W. J. LONG.

No. 3714.   Decided October 13, 1915.

Rehearing denied November 3, 1915.

1.—Contempt—Witness—Practice on Appeal—Habeas Corpus.

Where relator applied to this court for a writ of habeas corpus, alleging that he was illegally committed for contempt as a witness, but no evidence whatever was offered to sustain his allegation, this court must presume that the lower court was correct in committing him for contempt. Following Ex parte Naill, 59 Texas Crim. Rep., 140, and other cases.

**2.—Same—Stenographer's Transcript—Statement of Facts.**

Where relator attached to his application to this court for writ of habeas corpus what purports to be a transcript of the stenographer's notes of the testimony upon which he was fined for contempt, but the same was not approved by the judge as a statement of facts, it can not be considered; but even if considered, there was no error in the court's order fining relator for contempt in not answering questions as a witness.

From Titus.

Original habeas corpus proceeding asking release from imprisonment for contempt of court in not answering questions as a witness; penalty, a fine of $100 and three days confinement in the county jail.

The opinion states the case.

*T. C. Hutchings,* for relator.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—In vacation Long applied to one of the judges of this court for a writ of habeas corpus alleging that he was illegally restrained of his liberty in that, in substance, the court required him, as a witness in the trial of a felony case against another, to answer certain questions yes or no, when he claimed that he did not remember and could not so answer. The application was granted and the cause set down for hearing by the court on the 6th inst. The sheriff who had custody of Long when the writ was granted duly made his return thereon showing that he held him in custody by virtue of a proper process and judgment of the District Court of Titus County in three separate and distinct judgments at different times, copies of which judgments he attached and which show that in the trial of a felony case against Wert McGee in that court Long was duly sworn as a witness for the State, and was properly asked by the State's attorney if he had seen said McGee on the date that McGee was alleged to have sold him whisky; that he stated he did not remember, and then he was asked if he had bought any whisky from Wert McGee in said county on that date and that he answered that he did not remember. That the jury was retired and the court admonished him that he must answer the question yes or no, and when the jury was brought back he was again asked the questions and the court, in the judgment, stated, "and the said witness refused to answer the said question and wilfully evaded the same." And "the court then and there heard other evidence as to the matter and was and is now of the opinion that the said witness wilfully and deliberately refused to answer the said questions and was then and there and now is guilty of wilful contempt of court committed in the immediate presence of the court." And, thereupon, adjudged him guilty of contempt of court and properly in the judgment ordered that he be punished therefor by confinement in the jail for three days and a fine of $100 and until he should pay the fine and costs.

No evidence whatever was offered or heard by this court to sustain

appellant's allegations for the writ of habeas corpus. It has been uniformly and many times held by this court that under the circumstances this court must presume and will and does, that the judgment of the lower court was correct. We cite only some of the cases. Ex parte Naill, 59 Texas Crim. Rep., 140; Ex parte Thomas, '65 Texas Crim. Rep., 533, 145 S. W. Rep., 601; Ex parte Basham, 65 Texas Crim. Rep., 537, 145 S. W. Rep., 619; Ex parte Northern, 63 Texas Crim. Rep., 275.

There is attached to Long's application for the writ of habeas corpus what purports to be a transcript of the stenographer's notes of the testimony and the proceedings of the court at the respective times he was adjudged guilty of contempt and ordered confined and fined therein, as stated. This stenographer's transcript is in no way agreed to by any of the attorneys in the case and is not approved in any way by the judge as a statement of facts in the matter. It can not, therefore, be considered by us as such. However, we might say that we have read it and even if we could consider it we think it does not sufficiently show that the orders of the judge were not authorized or wrong. It is, therefore, ordered by this court that the said Long be remanded to the custody of the sheriff of Titus County to be held by the sheriff in accordance with the several judgments of contempt against him.

*Relator remanded to custody.*

[Rehearing refused November 3, 1915.—Reporter.]