## EX PARTE W. G. WELBURN.

### No. 2383. Decided May 14, 1913.

**City Charter and Ordinance—Appeal Bond—Jurisdiction—Habeas Corpus —Pleading.**

Upon appeal from a habeas corpus proceeding from the District Court asking release from a conviction of a nuisance under a city ordinance, the appellant contended that he gave a defective appeal bond from the Corporation to the County Court, which latter, therefore, acquired no jurisdiction, it will be presumed, in the absence of a statement of facts, that the judgment of the Dis-

trict Court is correct; the application for habeas corpus being merely a plead-ing, and not evidence of the facts alleged. Following Naill v. State, 59 Texas Crim. Rep., 140, and other cases.

Appeal from the District Court of Lubbock. Tried below before the Hon. W. R. Spencer.

Appeal from a habeas corpus proceeding remanding relator‧ to cus-tody under a conviction of a town ordinance; penalty, a fine of $10.

The opinion states the case.

*R. J. Dillard* and *J. H. Moore,* for relator.—On question of insuffi-cient appeal bond: Barrow v. State, 62 Texas Crim. Rep., 423; Martin v. State, 44 id., 197; Day v. State, 47 id., 113.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—In the Corporation Court of the town of Lubbock appellant, on proper complaint, was prosecuted, tried in said court, and convicted for maintaining a nuisance under the city ordinance, and fined $10. He thereupon, in open court at the time, gave notice of appeal to the County Court of Lubbock County, and filed an appeal bond in said Corporation Court. Thereupon the bond and all the other original papers were sent to and filed in the County Court and the cause properly docketed therein. Later the case was regularly tried before the County Court and jury, and he was again convicted and fined $10, the proper judgment being entered thereon. Not paying the judgment and costs, the proper writ was issued and he was taken in custody by the sheriff and held to collect said fine and costs. On February 10, 1913, he sued out a writ of habeas corpus before the district judge of Lubbock County. The judge heard all the evidence and remanded him to the custody of said sheriff, from which judgment and order of the district judge he has prosecuted this appeal.

The sole contention here is that as appellant gave a defective appeal bond from the Corporation Court to the County Court, that the County Court acquired no jurisdiction whatever and the trial and judgment rendered in the case on the County Court trial are, therefore, void.

The judgment of the district judge clearly shows that in the said habeas corpus proceedings before him all the parties appeared, and the court heard the evidence and argument of counsel and remanded Wel-burn to the custody of the sheriff under the said proper process by which he was held.

It has uniformly been held by this court that the application or peti-tion for a habeas corpus is a mere pleading and is not evidence of the allegations therein. There is no statement of facts in this case, nor is it in any way shown what the evidence before the district judge was. The judgment must, therefore, be held correct, and that there was ample evidence to sustain it. Naill v. State, 59 Texas Crim. Rep., 140; Robertson v. State, 63 Texas Crim. Rep., 280; Ex parte Thomas, 65

Texas Crim. Rep., 537, 145 S. W. Rep., 601; Ex parte Basham, 65 Texas Crim. Rep., 533, 145 S. W. Rep., 619; Ex parte Northern, 63 Texas Crim. Rep., 275.

The judgment is, therefore, affirmed.

*Affirmed.*