## Ex Parte Walter Thomas.

### No. 1171. Decided March 6, 1912.

### Rehearing Denied April 4, 1912.

**Habeas Corpus—Practice on Appeal—Pleading—Evidence.**

The application for a writ of habeas corpus is not evidence of any allegations therein stated, but is a mere pleading, and where relator submitted no evidence on his application for writ of habeas corpus, he must be remanded to custody. Following Ex parte Naill, 59 Texas Crim. Rep., 140, and other cases.

From Dallas County.

Original application for writ of habeas corpus asking release under a commitment for contempt of the Corporation Court of the city of Dallas.

The opinion states the case.

*A. S. Baskett,* for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—This is an original application to this court for a writ of habeas corpus, which was granted by the presiding judge on March 22, 1911. The cause was heard and submitted to this court on March 29, 1911.

No evidence whatever was submitted to or heard by this court. The record contains none. The only record before the court is the application for the writ, the order granting the same, the writ issued and served on John W. Ryan, the chief of police of the city of Dallas, whom the applicant says held him in confinement, the return on the writ showing that it was executed, and an appearance bond by the appellant in the sum of $200, as fixed by the presiding judge of this court at the time the writ was granted for his appearance before this court.

The application alleges that he was unjustly and illegally confined and restrained of his liberty by John W. Ryan, the chief of police of the city of Dallas, and in the city jail of Dallas by virtue of a certain purported writ of commitment issued by the clerk of the Corporation Court of the city of Dallas, a copy of which is attached and made a part of the application, which purported writ is based upon an order and judgment of the Corporation Court of said city adjudging him guilty of contempt of that court, and a copy of that judgment is also attached and made a part of his application. The application then states the grounds on which he attacks the validity of the proceedings and judgment of contempt against him. We think it is unnecessary to state these in view of the disposition we will make of the case and the state of the record.

This court, through Presiding Judge Davidson, in the case of Ex parte Naill, 59 Texas Crim. Rep., 140, said: "The record is before us without a statement of facts. All we have is the transcript of the proceedings of the matters above mentioned. When the transcript was completed the clerk of the District Court put the usual certificate on same to the effect that the foregoing transcript of twenty pages is a true and correct copy of all the papers filed and all proceedings had in the habeas corpus cause No. 5183, styled Ex parte W. A. Naill, as the same appears now on file and of record in the office of the clerk. The certificate is officially signed with the impress of the seal of the court. Following this certificate is the following agreement: 'It is hereby agreed in the above and foregoing cause that the facts as set forth in the above application are true and correct.' Signed W. S. Howe, district attorney; M. W. Stanton, Dan M. Jackson and Moore & Moore, attorneys for defendant. There was no approval of this agreement by the judge who tried the case. As this matter is presented, we are unable to revise the action of the trial court in refusing to reduce the bail. The application for writ of habeas corpus states the matters which have been sufficiently set out above, but the record does not contain any evidence sustaining the inability of the applicant to give the amount of bond required or any evidence by which this court could intelligently revise the action of the trial court. Every presumption will be indulged of the correctness of the ruling of the trial court, and in the absence of something to show the ruling was erroneous, this court will not disturb such ruling. The allegations in the petition that applicant was unable to give the bond, that his property was not sufficient to secure the sureties in going on his bond, or the refusal of friends to go on the bond, do not prove themselves. If there was evidence admitted to prove these matters, it is not contained in the record, and none of the matters agreed to by counsel have been approved by the trial judge. Therefore, as the matter is presented, we are unable to review the ruling of the court, and the judgment will be affirmed." See also Ex parte Robertson, 63 Texas Crim. Rep., 280, 140 S. W. Rep., 98. We believe that the principles announced in these decisions are decisive of this case. Certainly the application for a writ of habeas corpus in and of itself is not evidence of any of the allegations therein stated, but it is a mere pleading. These allegations must be proven the same as any other allegations in order to entitle the party to the relief sought.

The applicant is ordered remanded to the custody of the chief of police of Dallas, Texas.

*Remanded to custody.*

[Rehearing denied April 4, 1912.—Reporter.]