## Ex Parte Will Clark.

### Nos. 4629 and 4717. Decided November 21, 1917.

**1.—Attempt to Commit Burglary—Habeas Corpus—Practice on Appeal—Attorney and Client.**

Where, upon original proceedings of habeas corpus, relator complained by his attorney that he had been deprived of the representation of counsel, both in the trial, and his offer to file motion for new trial and give notice of appeal, etc., but neither relator nor his attorney introduced or offered any testimony in this court on the submission of said case, and it appeared from the record that relator had the benefit of other counsel of reputation, integrity and ability to defend him, and that no motion or order in said case in the District Court was ever presented to the trial judge as contended for in the application, the same must be dismissed. Following Ex parte Naill, 59 Texas Crim. Rep., 140.

**2.—Same—Rule Stated—Pleading and Proof.**

Certainly the application for a writ of habeas corpus in and of itself is not evidence of any of the allegations therein stated, but it is a mere pleading which must be sustained by proof in order to entitle the party to the relief sought. Following Ex parte Robertson, 63 Texas Crim. Rep., 280, and other cases.

From Wichita County.

Original application for writ of habeas corpus, asking relief from conviction of an attempt to commit burglary, because defendant was not represented by counsel, and was not permitted by the trial court to file a motion for new trial and enter notice of appeal.

The opinion states the case.

*F. S. Samples,* for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Ex parte Barnes, 73 Texas Crim. Rep., 583, 166 S. W. Rep., 728, and cases cited in opinion.

PRENDERGAST, Judge.—During the vacation of this court last summer there was presented to the Presiding Judge an application by F. S. Samples, an attorney, wherein he complained of Judge Bonner, the judge of the Thirtieth Judicial District of Texas, and alleged that relator, said Clark, was indicted at the June term of said court for an attempt to commit burglary, was tried on June 29th, found guilty and his punishment assessed at two years in the penitentiary; that before that trial said Samples, a licensed attorney, was employed and paid to represent said Clark on his trial; that when the case was called for trial the judge refused to allow him to represent said Clark, and that said attorney moved the court to continue the case until cause could be shown why he was not allowed to represent him; which motion was filed but which was ignored by said judge, and he was forced to trial without an attorney of his choice; that on the same day said Clark was convicted his said attorney filed a motion for a new trial, and on July 3rd, said Clark was called into court and arraigned to be sentenced in accordance with the verdict, and when asked by the judge

if he had anything to say why sentence should not be passed upon him that he informed the court that he had employed said Samples as his attorney and requested said attorney to speak for him at that time, and that his attorney offered the motion that had been filed and asked the court to hear it, which the court refused to do; and in harsh language commanded said attorney to be seated and proceeded to pass sentence upon said Clark, and after sentence had been passed said attorney asked permission of the court to give notice of appeal, which he refused to entertain and remanded said Clark to the custody of the sheriff to be delivered to the agent of the State penitentiary; and that immediately thereafter said attorney filed with the clerk his notice of appeal in writing.

That on July 5th he applied to Judge Scurry, the judge of the Seventy-eighth Judicial District, for a writ of habeas corpus, which was granted and heard and an order made remanding him back to the custody of the sheriff, holding that he did not have jurisdiction to change the orders of the Thirtieth District Court, but that such power would be to the Court of Criminal Appeals at Austin; that he is being illegally carried to the penitentiary for the reason that said district judge has not only deprived him of a fair and impartial trial but of the right to appeal.

Wherefore he prays that the judge of this court issue a mandamus to Judge Bonner to set aside the order heretofore made in said case, and that he be allowed a fair and impartial trial and that the said judge be ordered to either grant him a trial in accordance with the law, or that he be ordered to instruct the clerk of his court to prepare a full and complete transcript of said case and forward it to the Court of Criminal Appeals and that a writ of habeas corpus issue out of the Court of Criminal Appeals, and that said Clark be not sent to the State penitentiary pending this appeal; and he prays for any and all other relief he is entitled to in law and equity. And he further prays that the judge of this court issue an order restraining the sheriff of Wichita County delivering said Clark to any agent of the penitentiary and that he be held in the county jail in Wichita or be allowed bail pending his appeal; and further, that if it is in its discretion and it is proper, to order a writ of certiorari commanding the clerk of the Thirtieth Judicial District Court to prepare a transcript in said cause and forward it to the Court of Criminal Appeals at Austin. This was signed and sworn to by said attorney, to which he attached a copy of his affidavit filed in the lower court in which he moved that the cause be continued until a hearing could be had showing why he, said attorney, had not been allowed to defend said case. Also a copy of an affidavit by him for a new trial. Also copy of an order to be entered in the minutes of the court giving notice of appeal, and a copy of his application to Judge Scurry for a writ of habeas corpus, and the judge's order granting the writ.

On July 11th, Presiding Judge Davidson had entered upon the

docket of this court the following: "Clerk ordered to file application and write to district clerk of Wichita commanding him to make certified copies of all proceedings, etc., and forward same to this court by October 3, 1917, and to sheriff to hold applicant and not surrender him to transfer agent of the penitentiary until further ordered by this court."

Upon that order the clerk of this court, on that date, issued to the sheriff a writ of habeas corpus, and also issued a notice of the writ to the clerk of said court of Wichita County requiring him to make a full, true and correct certified copy of all records and papers upon the trial of said Clark and forward them to this court on or before October 3, 1917, for its consideration and further orders.

Thereupon the clerk of the District Court of Wichita County duly made out and sent to the clerk of this court what he certified was a complete transcript of all the proceedings of the Thirtieth District Court of Wichita County in the case of the State against said Will Clark. When that transcript reached the clerk there was nothing to call his attention to the fact that it was made and sent as a part of said ex parte proceedings required by said order; hence by mistake he filed and docketed it as a separate case, No. 4717. In that transcript is no order of the court showing that said Clark gave notice of appeal; neither is there any statement of facts, nor any bills of exceptions.

The sheriff, on July 20th—which was filed in this court three days later, made out a complete return sworn to by him in which he answers the writ of habeas corpus and what he calls writ of injunction issued against him on July 11th in this ex parte proceeding, in which he swears that said Clark was not in his custody when said writ was served, but that on July 8, 1917, he duly delivered him to the agent of the penitentiary to be conveyed thereto in accordance with the judgment and sentence of said court in said case against Clark, and that in delivering him to said penitentiary agent he was acting under the sentence, order and judgment of said District Court.

Said ex parte cause was duly reached and submitted on October 3, 1917.

Neither said Clark, nor said attorney, introduced or offered any testimony whatever on the submission of said case. In addition to the said sheriff's return the State has procured a certificate of said clerk of Wichita County wherein he certifies that in the said case of the State against said Clark in that court there is no record in the minutes of the court showing that he ever gave notice of appeal to the Court of Criminal Appeals, or excepted to the judgment of the lower court; that there is among the papers of the case an order filed by said Samples containing a notice of appeal, but that this order was never approved by the court or entered of record in the minutes of the court. Also an affidavit by Hon. Leslie Humphrey, the district attorney of said District Court, in which he swears that said Clark was represented by counsel, the Hon. Wayne Somerville, a practicing attorney

at the Wichita Falls bar, a lawyer of reputation for integrity and ability; that said Clark was never deprived of counsel in the trial of said case, and neither he nor his attorney requested a motion for new trial; and neither he nor his attorney gave notice of appeal at the time sentence was passed upon him, or at any other time. Also a certificate by Judge Bonner in his official capacity to the effect that no motion or order in said case in the District Court was ever presented to him by Mr. Samples or any other person, and that he never signed any such order at any time or place; and that for the first time his attention had been called to the fact that there appears in the transcript sent by said clerk, in obedience to the requirements of this court, a copy of what is styled thereunder, "Order overruling motion for new trial, filed July 3, 1917"; that he thinks no such order appears in the minutes of the court at the term at which said case was tried, and that if it does said order was placed thereon without his knowledge and consent and was overlooked by him in reading the minutes at the close of the term; that said Clark on that trial was represented by Hon. Wayne Somerville, who advised him at the time he sentenced said Clark that no motion for new trial had been filed and no notice of appeal would be given, and that he was sure no person indicated to him in any manner that the case would be appealed. Also an affidavit by Mr. Somerville that he represented said Clark on said trial under appointment of the court; that he is a practicing attorney at the Wichita County bar; had been practicing for three years, and holds certain degrees from the University of Texas, and that he used his best efforts to defend said Clark, and after his conviction did not file a motion for a new trial, and gave no notice of appeal to the Court of Criminal Appeals in said cause; that his client, Will Clark, indicated no desire or intention of prosecuting an appeal in said case.

The Assistant Attorney General thereupon moves this court to dismiss said application. He further contends that the said application is insufficient in that the allegations thereof are not proven, and in substance that there is no evidence to sustain the allegations.

This proceeding is rather a novel and unusual one.

In Ex parte Thomas, 65 Texas Crim. Rep., 537, where an application for writ of habeas corpus was granted by this court and the cause submitted, at which time there was no evidence submitted or heard by the court, and only the proceedings applying for said writ and the allegations contained therein, and the papers resulting therefrom, were in the record.

This court held that: "Certainly the application for a writ of habeas corpus in and of itself is not evidence of any of the allegations therein stated, but it is a mere pleading. These allegations must be proven the same as any other allegations in order to entitle the party to the relief sought," following several earlier decisions so holding, and the opinion of Presiding Judge Davidson in Ex parte Naill, 59 Texas Crim. Rep., 140, and quoting therefrom. This is the uniform holding of this court. Ex parte Naill, 59 Texas Crim. Rep., 140; Ex parte

Robertson, 63 Texas Crim. Rep., 280; Ex parte Basham, 65 Texas Crim. Rep., 533; Ex parte Northern, 63 Texas Crim. Rep., 275; Ex parte Wellburn, 70 Texas Crim. Rep., 464; Ex parte Barnes, 73 Texas Crim. Rep., 583; 1 Branch's Ann. P. C., sec. 237.

Following these decisions, this proceeding, in Nos. 4629 and 4717, is hereby dismissed

*Dismissed.*