## EX PARTE J. W. BERRY.

No. 5338.   Decided April 16, 1919.

**1.—Habeas Corpus—Contempt—Witness—Rule Stated.**

The contents of an application for a writ of habeas corpus are not proved by the application, which is but a pleading, and there being nothing further presented to this court in support of the application the same must be dismissed. Following Ex parte Robinson, 63 Texas Crim. Rep., 280, and other cases.

**2.—Same—Witness—Habeas Corpus—Contempt.**

Where relator was sent to jail for refusing an answer certain questions before the grand jury, and he addressed an application to this court asking release from confinement, this court must dismiss the application in the absence of any statement of facts or agreement of counsel to sustain such application.

From Red River County.

Original habeas corpus proceeding asking release from confinement under a judgment of contempt, from the District Court, placing relator in jail for refusing to answer questions as a witness before the grand jury.

The opinion states the case.

*Travis T. Thompson*, for relator.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—On February 8, 1916 this relator presented an application for a writ of habeas corpus to the Presiding Judge of this court which was granted and the cause set down for February 19, 1919 on which date same appears to have been duly submitted. The record is before us without any statement of facts or agreement of counsel or any other manner by which this court may be guided in determining its decision of this case. It has been often held by this court that the contents of the application are but pleading and that if nothing further be presented the application will be dismissed. See Ex parte Thomas, 65 Texas Crim. Rep., 537; Ex parte Clark, 198 S. W. Rep., 954; Ex parte Robertson, 63 Texas Crim. Rep., 280.

There being nothing before us except the application for this writ which alleges that applicant was placed in jail following an adjudication that he was in contempt of the District Court of Red River County for refusing to answer certain questions before the grand jury of that county, we are unable to decide what the facts were upon which such judgment was rendered, and the presumption being that proper facts were before the court and in favor of the regularity of the court's action, the application will be dismissed

and the relator will be remanded to the custody of the sheriff of Red River County.

*Remanded to custody.*

ON REHEARING.

## April 16, 1919.

LATTIMORE, JUDGE.—At a former day of this term application for habeas corpus presented by relator was ordered dismissed and relator remanded because there were no facts on file from which the court could determine the correctness of the rulings of the trial court on the matters complained of. Appellant was sent to jail for refusing to answer certain questions before the grand jury. Relator now files a motion for rehearing in which he states that he is now filing a statement of facts. An examination of the record fails to disclose any such facts filed.

Motion for rehearing overruled.

*Overruled.*