ELVIN TUCKNESS V. THE STATE.

No. 9299.    Delivered June 3, 1925.

Rehearing Denied October 28, 1925.

1.—Possession of a Still—Sentence—Not of Record—Appeal Dismissed.

Where the record on appeal fails to show that sentence has been passed, except in cases where the death penalty has been inflicted, this court is without jurisdiction, and the appeal must be dismissed. See Art. 856 Vernon's, C. C. P.   Following Wooldridge v. State, 61 Tex. Crim. Rep. 324.

2.—Same—Sentence—Record Corrected—Appeal Reinstated.

Where a case has been dismissed because no sentence appears in the record, it will be reinstated and considered on its merits, if within the proper time. the record is corrected, and the sentence made to appear.

3.—Same—Statement of Facts—Question and Answer Form—Not Considered.

Where a statement of Facts is brought before us in question and answer form, it cannot be considered. Art. 846 C. C. P. requires the statement of facts to be made up in narrative form, and prohibits same from being prepared in question and answer form. Many authorities in this state construing this statute, hold that this court is not authorized to consider a statement of facts, so prepared. Following Jacobs v. State, 92 Tex. Crim. Rep. 242 and Jones v. State, 262 S. W. 500. Also see Branch's Ann. P. C. Sec. 601 for collation of authorities.

4.—Same—Requested Charges—Bills of Exception—Not Considered.

Where there is no statement of facts, appellant's requested charges refused, and his bills of exception are not intelligible, we cannot pass upon errors pointed out and complained of, in the absence of a statement of facts, which might enlighten us to a contrary view, we presume that the action of the trial court, was in all things correct.

ON REHEARING.

5.—Same—Indictment—Held, Not Duplicitous—Statute Construed.

Chap. 22, 38, Leg. 2nd called session, which prescribes several acts, either or all of which many constitute an offense under such act, has been repeatedly held valid, and an indictment brought under said act is not duplicitous, because alleging more than one act as constituting the offense, and beside this, duplicity in an indictment can only be reached by a motion to quash, and cannot be raised after verdict. Following Nelley v. State, 93 Tex. Crim. Rep., 622.

6.—Same—Indictment—Negative Averments—Not Now Necessary.

Since the enactment of Sec. 2b, Chap. 61, Acts of the 37th Legislature 2nd· called session, it has not been necessary that the state either allege or prove that the liquor was not manufactured by virtue of some of the exceptions named in the statute or constitution. The use of the word "unlawfully" contained in the instant judgment, was not material, but if it were the judgment could be amended by this Court. See Art. 930, Vernon's C. C. P. Following Wright v. State, 84 Tex. Crim. Rep., 495.

Appeal from the District Court of Dawson County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for possessing a still for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*J. F. Bishop,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted for unlawfully possessing a still for the purpose of manufacturing spirituous, vinous and malt liquor, capable of producing intoxication, in the district

court of Dawson County, convicted on said charge and his punishment assessed at one year's confinement in the penitentiary.

The record on appeal fails to show that the appellant was ever sentenced by the trial court in this case. The sentence is essential to give this court jurisdiction. Article 856, Vernon's C. C. P., is as follows:

"When an appeal is taken in cases of felony, where the verdict prescribes the death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the court of appeals has been received. In all other cases of felony, sentence shall be pronounced before the appeal is taken."

Under said article this court has uniformly held that without proper sentence this court has no jurisdiction of cases appealed from the lower court. Woolridge v. State, 61 Tex. Crim. Rep. 324, 135 S. W. 124, and many recent cases might be cited if necessary.

For the reasons above stated this appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

BAKER, Judge.—This appeal was dismissed at a former day of this court on account of the record failing to show that appellant had been sentenced and since said time, the record has been perfected and will not be considered.

The appellant was indicted and convicted in the district court of Dawson county of having a still in his possession for the purpose of manufacturing intoxicating liquor and his punishment assessed at one years confinement in the penitentiary.

Upon inspection of the record, we find that the statement of facts filed herein is made up in question and answer form. Article 846, C. C. P., requires the statement of facts to be made up in narrative form and prohibits same to be prepared in question and answer form as in this instance. There are many authorities in this State construing this statute, holding that this court is not authorized to consider a statement of facts so prepared. Branch's Ann. P. C. Sec. 601, and the authorities therein cited. Jacobs v. State, 92 Tex. Crim. Rep. 253, 253 S. W., 242; Jones v. State, 262 S. W., 500, and many other authorities we might cite sustaining the same proposition.

The appellant in this case urges by his bills of exception and special charges complaint against the action of the court in trying this case, but, without a proper statement of facts, we have to presume that the court committed no error in such matters as are therein complained of. The indictment, court's charge, verdict of jury and

judgment being regular, we are of the opinion that the record as presented fails to show any error committed by the trial court, and this judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The statement of facts is manifestly but a transcription of the stenographer's notes in question and answer form. It cannot be considered for the reason that it is not in compliance with the statute, Art. 846, C. C. P., as pointed out in the original opinion.

The indictment reads:

"  *  *  *  did then and there unlawfully possess a still for the purpose of unlawfully manufacturing spirituous, vinous and malt liquors capable of producing intoxication."

Appellant insists that the indictment is duplicitous. It is founded upon Chap. 22, Acts of 38th Leg., 2d Called Session, in which it is made unlawful to possess equipment for the manufacture of intoxicating liquors, Sec. 2e of which reads as follows:

"Whenever possession or receipt, or possession or receipt for the purpose of sale, is made unlawful by this Act, proof of possession of mash, or of a still or any device for manufacturing intoxicating liquors, or proof of the possession of more than one quart of intoxicating liquors, shall be prima facie evidence of guilt; but the defendant shall have the right to introduce evidence showing the legality of such possession."

Appellant argues:

"  *  *  *  that by the use of the word 'purpose' in said indictment there has been combined against appellant both the offense of possessing and the offense of manufacturing, and the word 'purpose' predicates in the indictment that the appellant has been guilty of manufacturing. That Sec. 2-E of the said Act as above referred to, makes proof of possession of a still or any device for manufacturing intoxicating liquors prima facie evidence of guilt, and Secs. 1 and 2 of the said Acts as above referred to make both possession of a still and the manufacture of intoxicating liquors a separate offense."

If the position taken by the appellant is sound, which is not conceded, the alleged duplicity of the indictment would not be available after verdict in the absence of a motion to quash previously ruled upon. See Nalley v. State, 93 Tex. Crim. Rep. 622.

He further contends that the indictment is bad because in connection with the averment that we have quoted above, there is no negation of the exceptions under which the manufacture of intoxicating liquors might be lawfully conducted. Since the enactment of Sec. 2b, Chap. 61, Acts of the 37th Leg., 2d Called Session, it has not been necessary that the State either allege or prove that the liquor was not legally manufactured by virtue of some of the exceptions named in the statute and Constitution. In the judgment, appellant is found guilty of "unlawfully possessing a still for the purpose of unlawfully manufacturing spirituous, vinous, and malt liquors." It is insisted that by the use of the word "unlawfully" the judgment is vitiated, cting Carr v. State, 230 S. W., Rep. 405. If the judgment was deemed irregular, this court could and would so amend it as to make it confirm with the verdict. See Art. 938, C. C. P., Vernon's Tex. Crim. Stat., Vol. 2, p. 900, note 9; Wright v. State, 84 Tex. Crim. Rep. 352; Miller v. State, 82 Tex. Crim. Rep. 495. However, the unnecessary use of the word "unlawfully" we think, is not of such irregularity as demands or requires attention.

The other questions to which the motion for rehearing refers were sufficiently treated and properly disposed of in the original hearing.

The motion for rehearing is overruled.

*Overruled.*