### LEMMIE BRIDGES V. THE STATE.

No. 9399.  Delivered November 4, 1925.

Rehearing denied December 23, 1925.

**1.—Transporting Intoxicating Liquor—Confession of Defendant—Warning Held Sufficient.**

Where a confession of the accused is introduced in evidence, which on its face contains the warning provided for in Art. 810 of Vernon's C. C. P.

there was no error in admitting such confession on the ground that proper warning was not given the accused at the time the confession was made.

2.—Same—Confession of Accused—Admissibility of—When Question for Jury.

Where the evidence is conflicting as to the voluntary character of a confession of the accused, it is proper practice to hear evidence on the issue, and to instruct the jury that unless they find that such confession was freely and voluntarily made, and was not induced by duress, threats or coercion, or if they have a reasonable doubt thereof to wholly disregard such written confession, and not to consider it for any purpose whatsoever. See Sec. 75, page 46, of Branch's Ann. P. C.

3.—Same Charge of Court—Affirmative Defense—Rule Stated.

It is a well settled rule of practice that where an affirmative defense is presented by the evidence that it is the duty of the trial court to present such defense in an affirmative charge. It has been held, however, that where testimony does no more than detail a suspicion that a party other than appellant was guilty, as was presented in the instant case, that this does not rise to the dignity of an affirmative defense, and no error is presented in this case, in the refusal of the trial court to submit such issue. See Bohannon v. State, 273 S. W. 262.

ON REHEARING

4.—Same—Requested Charge—Properly Refused—Not Supported by Facts.

Appellant in his special charges Nos. 4 and 5 sought to have the jury told that it was not a violation of the law for a person to ride in an automobile in which whiskey was being transported, if he took no part in the transportation thereof. These charges were not supported by the facts, and this court has never held it error to refuse a charge unless called for by the testimony.

Appeal from the District Court of Anderson County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. D. Pickett* of Palestine, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Anderson County for the offense of transporting liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

There is but one bill of exception in the record and this complains at the court's action in permitting the State to introduce

in evidence the alleged voluntary confession of the appellant made before Joe N. Davis, County Attorney, of Anderson County, Texas. The appellant's objection to the introduction of said alleged voluntary statement was, first because the confession or statement itself does not recite that the defendant was first warned that any statement he made touching the offense for which he was arrested and concerning which the statement was made could be used in evidence against him in the trial of the offense for which he was charged and concerning which the statement was made, as required by Art. 810 of the C. C. P.; and second appellant objected to its introduction because it was not freely and voluntarily made but was a statement and confession procured by the witness Joe N. Davis and others by force, threats and abuse and through bodily fear and the said confession was extorted from said defendant by threats and abuse and while the defendant was laboring under fear induced by physical violence done to him by one Huffman, the officer who arrested him and was present at the time said confession was made.

With reference to the first objection, we note that the warning contained in the statement offered is as follows:

"My name is Lemmie Bridges. I am confined in the Anderson County Jail in the custody of R. Huffman, Constable Precinct one, of said County, by virtue of a warrant issued out of the Justice Court of Precinct No. 1 of Anderson County, Texas, charging me with the offense of unlawfully transporting intoxicating liquor.

"I have been warned by Joe N. Davis, County Attorney of Anderson County, Texas, that I do not have to make any kind of statement concerning said offense, but if I did make any statement concerning the guilt or innocence of the offense with which I am charged, it may be used in evidence against me in the final trial of my case. After having been so warned by the said Joe N. Davis, County Attorney, I now want to make a statement concerning said offense and make same voluntarily and freely and without fear or promise of immunity from prosecution, and make the same to Joe N. Davis, County Attorney of said Anderson County, Texas, on this 12th day of December, A. D. 1924."

We think the warning is in full accord with Art. 810 of Vernon's C. C. P. and its sufficiency has been upheld in many cases decided by this court. In fact, we think that the warning is so fully and completely in accord with both the letter and spirit of the statute above mentioned as to make a discussion of it

useless. See Sec. 7, Art. 810, Vernon's C. C. P. for citation of authorities.

As to the objection that said statement was procured by force, threats, abuse and fear of bodily injury, we note from the bill of exceptions that the court heard testimony on this issue and while the appellant swore that the Constable Huffman did abuse him, and if his testimony is true virtually forced him to make the confession, still we note that the County Attorney who took the confession and Huffman, the Constable who is alleged to have been guilty of the mistreatment of the appellant, 'each swore that the confession was voluntarily and freely made after a proper warning, and each swore that so far as he knew no force or coercion of any kind was used in procuring said confession. Under this condition of the record, it was the proper practice for the court to submit to the jury in his charge the issue as to whether or not the confession was freely and voluntarily made. The court did this in the following language:

"The State has introduced in evidence a written statement of the defendant in this case, and I instruct you that if you believe said statement in writing was not freely and voluntarily made, but that the same was induced by duress, threats or coercion upon the part of R. Huffman, or any other person, or if you have a reasonable doubt thereof, to wholly disregard such written statement and not consider it for any purpose whatsoever."

This charge is in accord with the precedents in this state and under the facts in this case, it was the proper practice to give it. Many authorities sustaining the court's action in this matter will be found collated under Sec. 75, page 46 of Branch's Ann. P. C.

From what has just been said it follows that in our opinion the court did not err in refusing to give appellant's special charge No. 1, instructing the jury to disregard this statement for any purpose.

Neither did the court err in refusing special charge No. 2 wherein appellant requested the court to charge the jury that if they believed that said voluntary statement in writing was not freely and voluntarily made by the defendant, or if they should have a reasonable doubt thereof, then they should not consider said statement for any purpose. This charge was given in substantially the same language in the court's main charge.

Appellant very earnestly contends that the court erred in re-

fusing to submit to the jury the question as to whether the liquor described in the indictment as being transported by one Champ Lumpkin and not by the defendant, and as presenting this theory of the case appellant offered three special charges, and also excepted to the court's main charge for its failure to submit this issue. It seems to be the appellant's contention that this was an affirmative issue presented by the evidence and as such he was entitled to have it presented by an affirmative charge. There can be no dispute as to the proposition that where an affirmative defense is presented by the evidence it is usually the duty of the trial court to present this defense in an affirmative charge. It has been held however, and we think the authorities are all substantially to that effect, that where testimony does no more than detail a suspicion that a party other than the appellant was guilty, that this does not rise to the dignity of an affirmative defense. Bohannon v. State, 273 S. W. 262.

The only facts so far as we have been able to determine shown by this record which would raise this issue, is the testimony to the effect that the car in which the whiskey was being transported belonged to one Champ Lumpkin and that he was also under indictment for transporting the same. The appellant did not testify in the case on its merits and offered no testimony explaining his theory concerning the transaction. On the contrary, the State proved by the constable, a deputy constable and the Sheriff that the appellant and Champ Lumpkin were found driving an automobile that contained intoxicating liquor. The Sheriff testified that on the 12th day of December, 1924, he saw the appellant in a Ford car going across the field about two hundred and fifty yards from his house. That he was about two hundred yards from him when he first saw him and commanded him to stop and that he did not stop when he first halted him that he went about one hundred yards after he commanded him to stop; and that he saw some whiskey there about the car when they did stop and that there was a bottle in the front of the car possibly two inches deep in whiskey and that he saw whiskey on the outside and that there was a sack thrown down about twenty feet from the car and found on the ground in the direction from which the car had come; that a box was in the car when he first got there and he took it out and set it on the ground.

The witness Stafford, a deputy constable, testified that he recognized the contents of the box and that it contained a gal-

lon glass jar and a bottle of whiskey that was taken out of the box and the jug together.

We think under this record that there was no evidence raising the issue that the other occupant of the car, Champ Lumpkin, was in the exclusive possession of this liquor and unless his possession was exclusive, it would not avail the appellant as a defensive matter. On the contrary, we think the testimony ample to show that the appellant had a guilty connection with the transportation of the liquor in question and in view of the fact that the State's testimony is uncontradicted, there being no testimony as to the facts offered explanatory of the appellant's connection with the liquor, we would not be authorized to reverse the case in any event on account of the court's failure to charge on this matter. The appellant received the lowest penalty provided by law and under the undisputed facts, we think that no honest jury could have done less than to have convicted him.

From what has been said, it follows that in our opinion, the judgment of the trial court should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In all matters of procedure the presumption is in favor of the correctness of the action of the trial court, and unless said presumption is overthrown in some way, such action will be upheld. Appellant complains again because of the admission in evidence of his written confession. It is unnecessary for us to do more than to say that while appellant testified that the confession was obtained under circumstances indicating duress and improper influences, the State's witnesses on this point controverted appellant's claim and the court decided the issue thus made in favor of the admissibility of such confession. This court would hesitate a long time before accepting the uncorroborated statements made by the accused upon a matter of this kind, and rejecting testimony of officers who denied seriatim each claim made by the accused, and certainly we would not hold that the trial court exceeded his discretion in such case.

We have carefully considered the warning given by the offi-

cers to appellant at the time the confession was made and think the matters inserted, which are claimed by appellant to have rendered the warning insufficient,—are of no materiality. The fact that he was warned that if he made a statement it could be used against him on his "final trial," puts into the warning nothing which would make it fall short of the requirement of the law. Neither would the insertion of the words "guilt and innocence" in that part of the warning which tells him that if he makes any statement concerning his "guilt or innocence" of the offense of which he was charged. The authorities cited by appellant refer to material variances between the warning given and that required by statute. The facts in this case do not measure up to those in the cases referred to.

Special charge No. 5 asked by appellant was without any support in the testimony, and its refusal was not error. Appellant affirmed in his confession that he placed the intoxicating liquor in the car in which he was riding at the time of the arrest, and that he broke the containers when he saw the officers coming. Special charges Nos. 4 and 5 sought to have the jury told that it was not a violation of the law for a person to ride in an automobile in which whiskey was being transported, if he took no part in the transportation thereof nor gave aid or encouragement thereto. As above observed, the charges are not supported by the facts, and this court has never held it error to refuse a charge unless called for by the testimony.

Believing the case was correctly decided in our original opinion, the motion for rehearing will be overruled.

*Overruled.*