## EX PARTE J. M. FOOTE.

No. 10941.   Delivered May 4, 1927.

1.— **Habeas Corpus — To Secure Speedy Trial — No Error Presented on Appeal.**

Where appellant appeals from the refusal of an application by him that he be granted a speedy public trial under a charge of accepting a bribe, and the record on appeal is without either a statement of facts or bill of exception, the presumption·prevails that the action of the trial court in refusing to grant said application was proper. See Tuckness v. State, 101 Tex. Crim. Rep. 483, and other cases cited.

2.—**Same—Allegation in Petition—Are Not Evidence.**

The allegations in a petition for a writ of habeas corpus are not evidence and cannot be considered as such, although same are duly verified. Following Ex Parte Barnes, 166 S. W. 728; Ex Parte Clark, 198 S. W. 954; Ex Parte Cain, 217 S. W. 386.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. J. D. Campbell, Judge.

Appeal from the refusal of an application that a speedy public trial be granted appellant, and setting a certain date for trial. Affirmed.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal from the refusal of an application filed by the appellant in the District Court of Jefferson County requesting that a speedy trial be granted him by setting a certain date for trial, and in the event the state failed to agree to said date and give him a trial, then in the alternative appellant prayed that said cause be dismissed; it being alleged

in said application that the appellant had been indicted by the grand jury of Jefferson County for accepting and offering to accept bribes while acting as deputy sheriff of said county as payment for the use of his influence in preventing prosecution of persons engaged in the illicit liquor traffic. The record is before us without a statement of facts or bills of exception, and this court is therefore unable to determine whether or not the trial court committed error in passing upon the application. In the absence of a statement of facts, the presumption prevails in this court that the action of the trial court in refusing to grant said application was proper and that no error was committed. Tuckness v. State, 101 Tex. Crim. Rep. 483, 276 S. W. 277; Bridges v. State, 102 Tex. Crim. Rep. 462, 277 S. W. 1096; Carroll v. State, 282 S. W. 233; Ex Parte Wright, No. 10906, delivered April 27, 1927, yet unreported; Ex Parte Bailey, No. 10927, delivered April 27, 1927, yet unreported. The allegations in an application or petition for writ of habeas corpus are not evidence and cannot be considered as such, although the same are duly verified. Ex Parte Barnes, 166 S. W. 728; Ex Parte Clark, 198 S. W. 954; Ex Parte Cain, 217 S. W. 386.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.