Ex Parte Mrs. J. H. Barganier.

No. 13201. Delivered December 11, 1929.
Rehearing denied January 15, 1930.

The opinion states the case.

*Taylor & Irwin* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—This is an appeal from an order refusing to discharge the appellant upon a writ of habeas corpus.

By complaint filed in the Justice of the Peace Court she was charged with drunkenness. She claims to have been previously charged with the same offense upon facts identical with those upon which the present complaint is founded, and that the conduct of the Justice Court at the time entitles her to release. From the aver-

ments we understand the following: Her case was called in regular order. The State, through its counsel, announced ready for trial. The appellant did likewise, whereupon counsel for the State sought to withdraw the announcement of ready. His prayer was denied. He stated that the State had no evidence. The prosecution against the appellant was dismissed by the court. She was on bail at the time.

The proposition presented is that the second arrest of the appellant was illegal and that under the circumstances stated the judgment of the court dismissing the complaint was no dismissal but either left the case pending or was a judgment of acquittal. The order of the court contains the following recital:

"* * * the Court proceeded to examine said application. And after having examined the writ and the return of the respondent, H. A. Hood, and all papers and documents attached thereto, the Court is of the opinion that the said Mrs. J. H. Barganier is legally held in custody."

There is no statement of facts before this court. The averments in the application cannot be treated as a substitute for evidence. See Ex parte Clark, 82 Tex. Cr. R. 192, 198 S. W. 954; Ex parte Cain, 86 Tex. Cr. R. 509, 217 S. W. 386; Ex parte Foote, 294 S. W. 851. In the absence of a statement of facts certified by the trial judge showing all that was before him and upon which he based the judgment, this court is unable to intelligently review the judgment entered. See Tuckness v. State, 101 Tex. Cr. R. 483, 276 S. W. 277; Bridges v. State, 102 Tex. Cr. R. 462, 277 S. W. 1096; Carroll v. State, 104 Tex. Cr. R. 11, 282 S. W. 233; Ex parte Wright, 294 S. W. 592; Ex parte Bailey, 294 S. W. 213. The right to dismiss a prosecution is inherent in the court independent of statute. See Cyc. of Law & Proc., Vol. 14, p. 444; also Vol. 12, p. 266. In a criminal case the dismissal of the prosecution without the consent of the accused after issue joined through the pleading of the State and the accused might bar the renewal of the prosecution upon the same transaction. See Cyc. of Law & Proc., Vol. 12, p. 262. If, in the present instance the facts show former jeopardy, the right of the appellant would be protected on a trial. The record fails to show whether, before the dismissal took place, the pleading of the State had been presented. This proceeding is in effect an effort upon the part of the appellant to interpose against her arrest, detention and retrial the plea of former jeopardy. Former jeopardy is a defense available to one accused, but is not

a matter to be dealt with in a habeas corpus proceeding. See Ex parte Mitchum, 237 S. W. 959; Ex parte Mitchum, 237 S. W. 936; Mollohan v. State, 10 S. W. (2d) 86.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing complaining that our original disposition of the case was erroneous. We are referred to no authorities. However, we have again examined the questions presented in the light of the motion, but fail to perceive any error in our former opinion under the record before us.

The motion is overruled.

*Overruled.*