STATE of Texas, Appellant,

v.

Joe CHANDLER, Appellee.

No. 11–88–117–CR.

Court of Appeals of Texas, Eastland.

Feb. 23, 1989.

Joe Warner Bell, Trinity County Atty., Groveton, for appellant.

Joe Griffith, Crockett, for appellee.

OPINION

DICKENSON, Justice.

Joe Chandler was charged with the Class A misdemeanor offense of "Tampering

with Governmental Record"[1] for assisting a voter in the 1986 Democratic Primary Election to receive an absentee-by-mail ballot. The charge was that the application falsely reflected that the voter was 65 years of age or older when she was younger. The county judge dismissed this criminal action on March 21, 1988, without the consent of the county attorney. The State appeals.[2] We reverse the order of dismissal.[3]

 We sustain the State's first point of error, holding that the county court exceeded its power in dismissing the indictment [which had been transferred from the district court to the county court][4] in the absence of a motion by the State, when the dismissal was not based upon the finding of a defective indictment.[5]

The common-law rule is that the prosecutor, not the trial court judge, has the sole power to dismiss a criminal case. *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174 (Comm'n App.1930, opinion adopted); Annot., Power of Court to Enter Nolle Prosequi or Dismiss Prosecution, 69 A.L.R. 240–244 (1930). See also *Wallace v. State*, 145 Tex.Cr.R. 625, 170 S.W.2d 762 (1943); *Malley v. State*, 125 Tex.Cr.R. 625, 69 S.W. 2d 765 (1934). The common-law rule controls in the absence of a rule of procedure providing otherwise. See TEX.CODE CRIM.PRO.ANN. art. 1.27 (Vernon 1977).

The presiding judge of the trial court now has a "veto" power under TEX.CODE CRIM.PRO.ANN. art. 32.02 (Vernon 1966);

however, that statute does not authorize the judge to dismiss a criminal action without the consent of the State's attorney.[6]

Article 44.01(a)(1), supra note 2, now permits the State to appeal an order which dismisses all or any portion of an indictment, information, or complaint, but this statute does not authorize a trial judge to dismiss a valid indictment, information, or complaint.

The trial court's order of dismissal is reversed, and the cause is remanded for trial.

---

1. See TEX.PENAL CODE ANN. sec. 37.10 (Vernon 1974).

2. TEX.CODE CRIM.PRO.ANN. art. 44.01(a)(1) (Vernon Supp.1989) now permits the State to appeal a trial court order which dismisses an indictment, information, or complaint pursuant to the Constitutional Amendment enacted by the voters on November 3, 1987.

3. This appeal was transferred from the 1st Houston Court of Appeals to this Court. See TEX.GOV'T CODE ANN. sec. 73.001 (Vernon 1988).

4. See TEX.CODE CRIM.PRO.ANN. art. 21.26 (Vernon 1966) which authorizes the district court to transfer such a cause to the county court.

5. The county judge granted Chandler's motion to dismiss after stating that he agreed with Chandler's attorney that: "[W]e're just spending the time and money of the good folks of Trinity County in a matter that's going to be difficult to ever put together."

6. Article 32.02 provides:
   The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.