**David SALDANA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–007–CR.**

Court of Appeals of Texas,
Austin.

Jan. 10, 1990.

William P. Allison, Austin, for appellant.

Alia Moses, Ann Gray, Asst. Co. Attys., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of driving while intoxicated, first offense. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1 (Supp.1989). The trial court assessed punishment at in-

carceration for twenty days and a $100 fine.

On the night of August 25, 1987, Austin police officer David Espinoza stopped a car driven by appellant after observing several traffic offenses. Upon approaching appellant, Espinoza observed that his eyes were bloodshot, his speech was slurred, he had the odor of alcoholic beverage on his breath, and he was unsteady on his feet. In addition, appellant was belligerent, cursing the officer and accusing him of harassment.

After appellant was unable to successfully perform certain field sobriety tests, he was arrested and placed in the police vehicle. While being driven to the station, appellant became agitated, attempted to release his seat belt, and began to kick the dashboard of the vehicle. Espinoza used physical force to restrain appellant.

In his only point of error, appellant contends the State's failure or inability to produce the name of a witness to these events denied him due process and due course of law, and that the trial court erred by overruling his motion to dismiss on this ground. U.S. Const. amend. VI, XIV; Tex. Const.Ann. art. I, § 19 (1984).[1] The witness in question was a civilian who was riding with Espinoza on the night of appellant's arrest. The officer testified that he could not remember the name of the civilian, and he did not record the name in the offense report. Efforts to find the civilian's name were unsuccessful.

This is not a case in which the State has failed or refused to disclose known information, as it is undisputed that the name of the civilian witness was and remains unknown. Rather, it is a case in which the State failed to preserve potentially material information.

In *United States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982), the defendant had moved to dismiss the indictment because two eyewitnesses to the alleged crime had been deported by the government before they could be interviewed by defense counsel. The Supreme Court held that the mere fact that the witnesses had been deported was not sufficient to establish a violation of the defendant's due process rights; a showing that the evidence lost would be both material and favorable to the defense was also required. That the defendant had not had an opportunity to interview the witnesses to determine precisely what favorable evidence they possessed did not relieve him of the duty to make some showing of materiality. *Id.* at 873, 102 S.Ct. at 3449.

Three factors have been held to be relevant in determining whether the failure to preserve physical evidence has resulted in a violation of due process: the likelihood that the lost evidence was exculpatory; the likelihood that the defendant was significantly prejudiced at trial by the absence of that evidence; and the level of governmental culpability. *Gardner v. State,* 745 S.W.2d 955 (Tex.App.1988, no pet.). The duty to preserve evidence is limited to that which possesses an exculpatory value that was apparent before the evidence was destroyed, and is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta,* 467 U.S. 479, 488, 104 S.Ct. 2528, 2533, 81 L.Ed.2d 413 (1984). The failure to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith on the part of the police. *Arizona v. Youngblood,* 488 U.S. 51, ——, 109 S.Ct. 333, 337, 102 L.Ed.2d 281, 289 (1988).

There is no evidence of bad faith in the instant cause. The officer testified that he did not anticipate that the name of the civilian would be important, and that it was his common practice not to name civil-

---

1. The Texas Criminal Defense Lawyer's Association, as *amicus curiae,* has tendered a brief in this cause complaining that appellant was also denied his right to the compulsory attendance of witnesses. U.S. Const. amend. VI, XIV; Tex. Const.Ann. art. I, § 10 (1984). As this contention was not advanced by appellant at trial, we will not address it here. We note, however, that compulsory process analysis is essentially the same as due process analysis. *See United States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).

ian riders in his offense reports. The officer also testified that the name of the civilian was not in the log in which the names of such persons customarily are kept. While this may show negligence on the part of the officer, or on the part of the police generally, it does not demonstrate bad faith.

Appellant has made no effort to show that this witness could have provided material evidence favorable to the defense, nor is there any other basis in the record for drawing such a conclusion. Although appellant challenged the legality of the initial stop in a motion to suppress evidence, he did not testify at the pretrial hearing on this motion. Because appellant did not himself contradict Espinoza's description of the events leading up to the stop, there is no reason to believe the civilian witness would have done so.

Espinoza testified that the civilian remained in the patrol car after appellant was stopped. Thus, the rider was not in a position to clearly observe appellant's demeanor or actions during the crucial moments when Espinoza concluded that he was intoxicated. Moreover, there was another witness who was available to testify in this regard: Austin police officer R. Travis, the backup officer who arrived after appellant was stopped and was present during the encounter outside appellant's vehicle. Appellant did not call this available witness in an effort to confirm or rebut Espinoza's testimony.

Finally, the jury had before it the videotape of appellant performing various sobriety tests at the police station twenty minutes after he was stopped by Espinoza. This was objective evidence of appellant's sobriety at or about the time of his arrest.

For the reasons stated, this Court concludes that the trial court did not err in overruling appellant's motion to dismiss.

The judgment of conviction is affirmed.

GAMMAGE, J., not participating.