The STATE of Texas, Appellant,

v.

Chester SHELTON, Appellee.

No. 3–90–033–CR.

Court of Appeals of Texas,
Austin.

Dec. 19, 1990.

Rehearing Overruled Feb. 6, 1991.

Ken Oden, Travis County Atty., Alia Moses, Ann Gray, Asst. County Attys., Austin, for appellant.

Roy E. Greenwood, Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

The State appeals the trial court's order dismissing a criminal complaint charging the appellee, Chester Shelton, with driving while intoxicated. Tex.Code Cr.P.Ann. art.

44.01(a)(1) (Supp.1991). The judge ordered the criminal action dismissed because a witness present at the time of Shelton's arrest was not available. We will reverse and remand the cause for trial.

Chester Shelton was arrested by Trooper Matlock of the Department of Public Safety and charged with the offense of driving while intoxicated (D.W.I.). At a pre-trial hearing on September 21, 1989, Trooper Matlock testified that he could not remember whether he had had a civilian "rider" in his car when he arrested Shelton; his arrest report did not make reference to a rider. Shelton then filed a "motion for hearing on defendant's request for discovery of unidentified eyewitness." The court ordered a hearing on his motion for October 10, 1989. At the second hearing, Shelton testified that there had been a rider in the patrol car the night he was arrested, and that he had talked to the rider while Trooper Matlock inventoried Shelton's car. The trial court then ordered the Travis County Attorney's office to disclose the name of the missing civilian witness by October 30, 1989. The trial court later extended the State's deadline until December 5, 1989, when, on the defendant's motion, the trial court ordered that the prosecution be dismissed.

■ Texas courts have consistently held that, in the absence of constitutional or statutory authority, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney. *Wallace v. State*, 170 S.W.2d 762, 764 (Tex.Cr.App. 1943); *Malley v. State*, 125 Tex.Crim. 625, 69 S.W.2d 765, 766 (App.1934); *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174, 175 (Cr.App.1930); *State v. Gray*, 801 S.W.2d 10 (Tex.App.1990, no pet.); *State v. Chan-*

*dler*, 767 S.W.2d 211, 212 (Tex.App.1989, no pet.). *See also Ex parte Hopson*, 688 S.W.2d 545, 551–52 (Tex.Cr.App.1985) (concurring opinion); *Flores v. State*, 487 S.W.2d 122, 125 (Tex.Cr.App.1972); *State v. Fox*, 772 S.W.2d 455, 457 (Tex.App.1989, no pet.); *Norwood v. State*, 768 S.W.2d 347, 349 (Tex.App.1989, pet. granted); *State v. Harkins*, 705 S.W.2d 788, 791 (Tex. App.1986, original proceeding) (concurring opinion).

■ Traditionally, prosecuting attorneys have had exclusive prosecutorial discretion in trial preparation and the prosecution of criminal suits. *See Meshell v. State*, 739 S.W.2d 246, 252 (Tex.Cr.App.1987). The common-law rule is that the prosecutor, not the trial court judge, has the sole power to dismiss a criminal case. *Chandler*, 767 S.W.2d at 212. The prosecuting attorney's authority to dismiss a criminal prosecution has been modified by statute to the extent that leave of the trial court must be obtained. Tex.Code Cr.P.Ann. art. 32.02 (1989); *Gray*, 801 S.W.2d at 11.[1] Thus, the prosecuting attorney may move for dismissal, but the case is dismissed by order of the trial court.

■ Courts in Texas have traditionally claimed broad inherent and implied authority,[2] and it has been asserted that the right to dismiss a prosecution is inherent in the court, independent of statutory authority. *Ex parte Barganier*, 113 Tex.Crim. 495, 23 S.W.2d 365 (App.1929).[3] The Texas Supreme Court has found authorization for inherent powers in the separation-of-powers doctrine and defined them broadly as "those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of

**1.** We have misgivings that, under some circumstances, allowing a judge to dismiss a prosecution over the prosecutor's objections could violate the separation of powers provision of the Texas Constitution. Tex.Const.Ann. art. II, § 1 (1955). In *Meshell*, however, the Court of Criminal Appeals held that, because the Texas Constitution's framers established the office of county attorney in Article V of the Texas Constitution, those officers are members of the judicial department of government. *Meshell*, 739 S.W.2d at 253. County attorneys would be executive officers under traditional separation-of-powers

theory. Bruff, *Separation of Powers Under the Texas Constitution*, 68 Texas L.Rev. 1337, 1352 (1990).

**2.** Bruff, *supra* note 1, at 1348.

**3.** It is not clear from the *Barganier* opinion, however, whether the prosecution requested or assented to the dismissal. *See* Annotation, *Power of Court to Dismiss Prosecution* 69 A.L.R. 240, 243 (1930).

its independence and integrity." Bruff, *supra*, note 1, at 1348–49, quoting *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). Arguably, then, in some instances, Texas courts may dismiss prosecutions pursuant to their inherent power to enforce their orders and manage their dockets. Also, a trial court has implicit authority to dismiss a criminal prosecution without a motion by the prosecuting attorney where the defendant's exception to or motion to set aside the charging instrument is granted, or where the defendant's special plea is sustained. *See* Tex.Code Cr.P.Ann. arts. 27.01–28.14 (1989); *Gray*, 801 S.W.2d at 11; *see also State v. Eaves*, 800 S.W.2d 220 (Tex.Cr.App.1990).

▉ In the present case, we do not have to reach the question of when a judge may dismiss a prosecution over the prosecutor's objections, because this is clearly a case within the general rule that dismissal is not appropriate in the absence of statutory or constitutional authorization. Shelton points us to no statute authorizing the dismissal, and we will reject his constitutional argument. He urges that dismissal was proper because the State's failure to keep track of the rider violated his right to compulsory process for obtaining witnesses in his favor as guaranteed by the sixth and fourteenth amendments to the U.S. Constitution and article I, § 10 of the Texas Constitution. U.S. Const.Amends. VI, XIV; Tex.Const.Ann. art. I, § 10 (1984). Instead, we find that the questions of whether the State produced sufficient evidence to convict Shelton of D.W.I. and of what inferences should be drawn from the State's failure to produce the rider should have been reserved for the trier of fact. Thus, dismissal was an inappropriate remedy.

We reject Shelton's constitutional argument under the United States Supreme Court's holding in *United States v. Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) and this Court's holding in *Saldana v. State*, 783 S.W.2d 22 (Tex.App.1990, no pet.). In *Valenzuela–Bernal*, the Court rejected the defendant's argument that he had been denied his constitutional right to the compulsory attendance of witnesses when two eyewitnesses to the alleged crime were deported by the government before they could be interviewed by defense counsel. The Supreme Court held that more than the mere absence of testimony is necessary to establish a violation of the right because the sixth amendment does not grant a criminal defendant the right to secure the attendance and testimony of any and all witnesses; it guarantees him "compulsory process for obtaining *witnesses in his favor.*" *Valenzuela–Bernal*, 458 U.S. at 867, 102 S.Ct. at 3446 (emphasis in original). The defendant's lack of opportunity did not excuse him from making a plausible showing that their testimony would have been *both* material and favorable to his defense. *Id.; Saldana v. State*, 783 S.W.2d at 23 (Tex. App.1990, no pet.). (Emphasis added).

▉ In *Saldana*, this Court held that the fact that the arresting officer failed to preserve the name of the civilian rider did not deny the defendant due process.[4] Here, as in *Saldana*, the defendant testified that the witness remained with the patrol car, so the record does not reflect that the witness would have clearly observed defendant's actions while the trooper gave him a series of sobriety tests. The facts in this case differ from those in *Saldana*, however, in that here, Shelton testified that he had spoken to the rider, so arguably the rider's testimony could have been useful to Shelton's defense. The failure to preserve potentially useful evidence, however, does not constitute a denial of due process unless the defendant can show bad faith on the part of the police. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *Saldana*, 783 S.W.2d at 23. As in *Saldana*, in the present case there is no evidence of bad faith on the part of the police. The officer's failure to preserve the name of the rider may show negligence on the part of

---

**4.** The due process analysis is essentially the same as the compulsory process analysis of *Va-* *lenzuela–Bernal. Saldana*, 783 S.W.2d at 23 n. 1.

the officer or the police generally, but it does not demonstrate bad faith. *Id.* at 24.

In *Saldana* and in this instance, the arresting authority made videotapes that provided objective evidence of the defendant's condition at or about the time of his arrest. Indeed, in its order dismissing the case, the trial court concluded that the videotape did not show as a matter of law that Shelton was intoxicated. Thus, Shelton's condition presented a fact question to be decided by the trier of fact. Similarly, the trier of fact was entitled to decide what weight to give the State's failure to produce the civilian witness. As a general rule, the insufficiency of the evidence to support the offense alleged will not alone invalidate an indictment and require its dismissal. *Givens v. State*, 438 S.W.2d 810 (Tex.Cr.App.1969). In a case similar to Shelton's, the appellate court rejected the defendant's argument that the State's failure to make a videotape recording justified dismissal of a D.W.I. prosecution: "a defendant's motion for dismissal ... is especially ill-founded and ill-advised when it necessarily involves a crucial issue of fact. The failure or inadvertence to make a video tape or to record a suspect visually in a D.W.I. matter is certainly a fact issue under this record...." *Fox,* 772 S.W.2d at 457.

We conclude that the trial court abused its discretion by ordering the prosecution dismissed. The order dismissing the prosecution is set aside, and the cause is remanded to the county court at law for trial.

GAMMAGE not participating.