IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-397-CR




RAMON MARTINEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY, 



NO. 90CR-182, HONORABLE FRED CLARK, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Tex. Rev. Civ. Stat.
Ann. art. 6701l-1 (West Supp. 1992). The court assessed punishment at incarceration for 105
days and a $1200 fine, probated.

 In his first point of error, appellant contends the evidence is legally insufficient
because the State did not prove he was driving. This contention is without merit. The arresting
officer testified that he observed appellant driving an automobile on a public highway at a very
slow speed, blocking other traffic. As the officer watched, appellant pulled off the highway,
exited his vehicle, and began to urinate at the side of the road. At this point, the officer
approached appellant and noticed the usual signs of intoxication. Appellant was arrested after he
failed certain field sobriety tests. The officer's testimony is sufficient to establish that appellant
was driving an automobile in a public place while intoxicated. See Jackson v. Virginia, 443 U.S.
307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error one is
overruled.

 Following his arrest, appellant was taken to the Comal County sheriff's department
where he was videotaped. This tape was subsequently lost and was unavailable at trial. In his
second point of error, appellant argues that the court should have granted his oral motion to
dismiss based on the loss of the videotape.

 The duty to preserve evidence is limited to that which possesses an exculpatory
value that was apparent before the evidence was lost or destroyed. Saldana v. State, 783 S.W.2d
22 (Tex. App.--Austin 1990, no pet.). The failure to preserve potentially useful evidence does not
constitute a denial of due process unless the defendant can show bad faith on the part of the police. 
Id. Appellant asserts in his brief that the videotape showed that he was not intoxicated on the
night in question, but he cites no evidence in the record to support this assertion. In fact,
appellant made no showing that the videotape would have been beneficial to his defense or that
the loss of the tape was the result of bad faith on the part of the police. The second point of error
is overruled.

 In his final point of error, appellant complains that he was denied his right to
effective cross-examination and confrontation of certain witnesses because the court refused to
allow him access to their psychiatric records. Appellant caused a subpoena duces tecum to be
issued to the sheriff of Comal County directing him to produce the personnel records of the four
deputies who testified for the State. Contained in these records were the psychiatric histories that
the sheriff testified were required for certification as a peace officer. After ascertaining that the
personnel files contained psychiatric histories, counsel stated, "Your Honor, I would like to
review those psychiatric histories." The court denied this request, to which counsel replied,
"Note my exception for the record." At no time did counsel refer to his confrontation right or
state any other basis for his desire to examine the records. Because he failed to present to the trial
court the argument he now seeks to bring forward, appellant's point of error presents nothing for
review. Tex. R. App. P. 52(a).

 The record does not, in any event, disclose a violation of appellant's right to
confront the witnesses against him. Confrontation is a trial right designed to prevent improper
restrictions on the types of questions that defense counsel may ask during cross-examination. 
Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987). Appellant does not complain that his cross-examination of the State's witnesses was restricted in any way. Instead, he complains of the
court's refusal to allow him access to certain records in which he hoped to discover facts that
might tend to show ill feeling, bias, or a motive to testify against him. The confrontation clause,
however, does not compel disclosure of any and all information that might be useful to contradict
unfavorable testimony. Id. at 53; Thomas v. State, No. 69,938 (Tex. Crim. App. June 3, 1992).

 The accused has a due process right to the disclosure of material evidence. 
Quinones v. State, 592 S.W.2d 933, 940-41 (Tex. Crim. App. 1980). Appellant did not invoke
his due process right in the court below, and he does not assert it in his brief to this Court. Our
examination of the record discloses no basis for concluding that the trial court abused its discretion
by refusing appellant access to witnesses' psychiatric records. Id. The third point of error is
overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: October 21, 1992

[Do Not Publish]