IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-367-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





MONICA GRIFFIN,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY, 



NO. 36,672, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The State appeals an order of the county court at law granting appellee's motion
to dismiss this cause. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1992); see State
v. Eaves, 800 S.W.2d 220, 224 (Tex. Crim. App. 1990). The underlying offense is driving while
intoxicated. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1992). In her motion to dismiss,
appellee alleged that the Southwest Texas State University police officer who arrested her did not
have jurisdiction at the location of the arrest. 

 In two points of error, the State urges that the court should not have granted the
motion to dismiss because appellee did not tender evidence in support of her allegation and
because the statute governing university police officers has been amended to extend their
jurisdiction to off-campus areas. We do not address either contention, as we find that the court's
order exceeded its constitutional and statutory authority.

 In general, a trial court cannot dismiss a prosecution except on the motion of the
prosecuting attorney. State v. Shelton, 802 S.W.2d 80 (Tex. App.--Austin 1990), vacated on other
grounds, 830 S.W.2d 605 (Tex. Crim. App. 1992); State v. Gray, 801 S.W.2d 10 (Tex.
App.--Austin 1990, no pet.). Although there are certain circumstances under which a trial court
is authorized to dismiss a prosecution on its own or the defendant's motion, appellee's motion to
dismiss did not invoke any of the constitutional or statutory provisions on which such implicit
authority is based. Whether appellee's arrest was lawful may be determined by a motion to
suppress evidence. If a motion to suppress is filed and granted, the prosecutor, as the officer
charged with the responsibility for preparing and prosecuting criminal suits, may decide whether
a prosecution is sustainable. State v. Nolan, 808 S.W.2d 556, 560 (Tex. App.--Austin 1991, no
pet.).

 The order granting appellee's motion to dismiss is reversed and the cause is
remanded to the county court at law.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Remanded

Filed:  November 4, 1992

[Do Not Publish]