TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00426-CR






David Lee Fenstermacher, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 97-560-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







 Appellant David Lee Fenstermacher was indicted for the third degree felony offense
of driving while intoxicated ("DWI"). (1) Appellant pleaded guilty pursuant to a plea bargain, which
allowed him to appeal the denial of his pretrial motion to quash and plea in bar. The trial court
sentenced appellant to ten years in prison, probated for ten years. Appellant appeals the denial
of his pretrial motions. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND



 The facts in this case are largely undisputed. In 1995, in an earlier case, appellant
was charged in Williamson County with the third degree felony offense of DWI. See Tex. Penal
Code Ann. §§ 49.04, .09(b) (West 1994 & Supp. 1999). The indictment alleged prior DWI
convictions in Wise County, Texas, Waller County, Texas, and Lancaster County, Nebraska, as
enhancements. Appellant filed a motion to quash the indictment, asserting that neither the Wise
County nor the Nebraska conviction could be used in the indictment, the former because his guilty
plea in that case was obtained involuntarily, and the latter because it was a pre-1994 out-of-state
conviction. The State conceded that using the Nebraska conviction was improper. The trial court
granted the motion to quash the indictment without specifying the reason for the ruling. (2)

 In 1997, appellant was again charged in Williamson County with the third degree
felony offense of DWI as a result of a new incident unrelated to the 1995 DWI charge. The 1997
indictment alleged the Wise County and Waller County convictions in the enhancement paragraph,
but did not include the Nebraska conviction. Appellant filed a plea in bar, asserting that the State
was collaterally estopped from using the Wise County conviction; he also filed a motion to quash
the indictment based on the involuntariness of his plea in Wise County. Following a hearing, the
trial court overruled both the plea in bar and the motion to quash. Appellant subsequently pleaded
guilty pursuant to a plea bargain, and this appeal of the denial of his pretrial motions followed.


DISCUSSION



 In his first point of error, appellant complains that the trial court erred in denying
his plea in bar because the State was collaterally estopped from using the Wise County conviction
as an enhancement in the 1997 indictment. Counsel for appellant conceded at oral argument,
however, that a plea in bar was not the proper vehicle for pursuing the collateral estoppel theory;
appellant therefore waived any error regarding the denial of his plea in bar. See Texas Dep't of
Transp. v. Able, 981 S.W.2d 765, 771 (Tex. App.--Houston [1st Dist.] 1998, no pet.). 
Nevertheless, counsel asserted that appellant was not abandoning his collateral estoppel argument,
but was "re-directing" it to the point of error pertaining to the denial of his motion to quash.

 As a prerequisite to presenting an argument for appellate review, the record must
show that the complaint was first made to the trial court. See Tex. R. App. P. 33.1(a). In his
motion to quash the 1997 indictment, appellant made no reference to his argument that the State
should be collaterally estopped from including the Wise County conviction as an enhancement. 
Appellant therefore failed to preserve this complaint for appellate review. See id.


Collateral Estoppel


 Even if appellant had preserved error as to his complaint that the trial court
improperly denied his motion to quash based on the doctrine of collateral estoppel, we would still
hold that the State was not estopped from including the Wise County conviction as an enhancement
in the 1997 indictment.

 Collateral estoppel is a constitutional doctrine providing that "when an issue of
ultimate fact has once been determined by a valid and final judgment, that issue cannot again be
litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443
(1970). The Texas Court of Criminal Appeals has set forth the elements necessary to support a
collateral bar in the criminal context: "First, there must be a 'full hearing' at which the parties
had an opportunity to thoroughly and fairly litigate the relevant fact issue. Second, the fact issue
must be the same in both proceedings. And finally, the fact finder must have acted in a judicial
capacity." State v. Aguilar, 947 S.W.2d 257, 259-60 (Tex. Crim. App. 1997).

 Appellant urges that the availability of the Wise County conviction as an
enhancement was previously decided in connection with the 1995 indictment; therefore, he argues
that the issue may not be relitigated as to the 1997 indictment. Appellant asserts that the trial court
examining the 1995 indictment conducted a full hearing at which the parties thoroughly litigated
the issue of the voluntariness of his guilty plea in the Wise County conviction. According to
appellant, this was the same issue facing the court as to the 1997 indictment, the parties were the
same, and the trial court acted in a judicial capacity in ruling on the respective motions to quash
in both instances; therefore, the elements of collateral estoppel were shown.

 We decline to hold that the quashing of the 1995 indictment estops the State from
using the Wise County conviction in this case. The present case is controlled by the court of
criminal appeals' decision in State v. Rosenbaum, 910 S.W.2d 934 (Tex. Crim. App. 1994) (op.
on reh'g). There, Rosenbaum was indicted for aggravated perjury, an offense requiring an
allegation of "materiality" as an enhancement to raise the offense from misdemeanor perjury to
felony aggravated perjury. He filed a pretrial motion asking the court to determine whether the
false statements were "material" as alleged in the enhancement paragraph of the indictment. The
court held that "in a pretrial setting there is no constitutional or statutory authority for an accused
to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged
element of an offense . . . ." Id. at 948 (Clinton, J., dissenting) (adopted on reh'g). An
indictment must be viewed on its face for validity as a matter of law, and cannot be defeated by
evidence presented before trial. See id.; see also State v. Habern, 945 S.W.2d 225, 226 (Tex.
App.--Houston [1st Dist.] 1997, no pet.) (trial court has no authority to hear evidence supporting
motion to quash to test sufficiency of State's evidence on facially valid indictment).

 An allegation of two prior DWI convictions is an essential element of a prosecution
for felony DWI. See Jimenez v. State, 981 S.W.2d 393, 396 (Tex. App.--San Antonio 1998, pet.
ref'd); Addington v. State, 730 S.W.2d 788, 789 (Tex. App.--Texarkana 1987, pet. ref'd). 
Accordingly, the trial court that reviewed the challenge to the 1995 indictment had no authority
to make a pre-trial determination as to the sufficiency of the State's evidence to prove the Wise
County conviction as an enhancement. See Rosenbaum, 910 S.W.2d at 948. We conclude that
in quashing the 1995 indictment, the court did not necessarily make a factual determination as to
the voluntariness of the Wise County guilty plea, but could simply have made a legal decision that
the indictment was facially invalid. Because no factual determination was proved, collateral
estoppel did not bar the State from using the Wise County conviction in the 1997 indictment.

 During oral argument to this Court, counsel for appellant pointed out that the 1995
indictment alleged three prior DWI convictions, rather than the required two. See Penal Code
§ 49.09(b). Counsel urged that, if the court reviewing the 1995 indictment had found that only
the Nebraska conviction was improper, the two remaining prior convictions would have supported
the felony DWI indictment, requiring the trial court to simply remove the Nebraska conviction
from the otherwise valid indictment. The fact that the entire indictment was quashed shows,
according to appellant, that the trial court must have found that the Wise County conviction was
also improper. In fact, appellant asserts that the trial court had no discretion to quash the entire
indictment based only on the improper Nebraska enhancement.

 Generally speaking, a court may not dismiss an indictment in the absence of a
motion by the State where the dismissal is not based on a finding that the indictment is defective. 
See State v. Chandler, 767 S.W.2d 211, 212 (Tex. App.--Eastland 1989, no pet.); see also
Sullivan v. State, 874 S.W.2d 699, 704 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (trial
court may not dismiss prosecution except on motion of prosecutor absent specific constitutional
or statutory authority). The parties agreed that the 1995 indictment was defective because the
Nebraska conviction could not, at that time, properly be used for enhancement. Faced with a
defective indictment, the trial court granted the motion to quash. We are not presently faced with
a situation where the trial court, on its own motion, dismissed a valid indictment with no authority
to do so. We believe the trial court had the discretion to quash the defective 1995 indictment
based solely on the allegation of the improper Nebraska conviction for enhancement.

 We overrule appellant's first point of error.


Law of the Case


 In his second point of error, appellant complains the trial court improperly denied
his motion to quash based on a theory of "law of the case." During oral argument, counsel for
appellant conceded that the denial of the motion to quash does not present a "law of the case"
situation; therefore, appellant has waived this argument. See Able, 981 S.W.2d at 771. 
Moreover, appellant did not argue "law of the case" in his motion to quash before the trial court
and thus failed to preserve the argument for appellate review. See Tex. R. App. P. 33.1(a).

 Even assuming appellant had preserved this argument, it is not applicable here. The
doctrine of "law of the case" provides that determinations on questions of law are dispositive of
the same questions of law in subsequent stages of the case. Howlett v. State, 946 S.W.2d 870, 874
(Tex. App.--Eastland 1997, no pet.). The purported determination that appellant's guilty plea was
not voluntary is not a question of law, and the present case is not a subsequent stage of the 1995
case. Point of error two is overruled.


CONCLUSION



 We hold that appellant waived any complaint regarding the denial of his plea in bar;
failed to preserve for review his argument that the trial court erred in not quashing his indictment
under a theory of collateral estoppel; and waived his argument that his motion to quash should
have been granted under the doctrine of "law of the case." Regardless, we find each of appellant's
arguments to be without merit. The judgment is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 15, 1999

Do Not Publish

1. See Tex. Penal Code Ann. §§ 49.04, .09(b) (West 1994 & Supp. 1999). The offense of
DWI is a third degree felony if the defendant has previously been convicted twice of an offense
related to operating a motor vehicle while intoxicated. See id. § 49.09(b).
2. This case was ultimately prosecuted as a misdemeanor DWI. Appellant was acquitted by
a jury.


 the trial court to simply remove the Nebraska conviction
from the otherwise valid indictment. The fact that the entire indictment was quashed shows,
according to appellant, that the trial court must have found that the Wise County conviction was
also improper. In fact, appellant asserts that the trial court had no discretion to quash the entire
indictment based only on the improper Nebraska enhancement.

 Generally speaking, a court may not dismiss an indictment in the absence of a
motion by the State where the dismissal is not based on a finding that the indictment is defective. 
See State v. Chandler, 767 S.W.2d 211, 212 (Tex. App.--Eastland 1989, no pet.); see also
Sullivan v. State, 874 S.W.2d 699, 704 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (trial
court may not dismiss prosecution except on motion of prosecutor absent specific constitutional
or statutory authority). The parties agreed that the 1995 indictment was defective because the
Nebraska conviction could not, at that time, properly be used for enhancement. Faced with a
defective indictment, the trial court granted the motion to quash. We are not presently faced with
a situation where the trial court, on its own motion, dismissed a valid indictment with no authority
to do so. We believe the trial court had the discretion to quash the defective 1995 indictment
based solely on the allegation of the improper Nebraska conviction for enhancement.

 We overrule appellant's first point of error.


Law of the Case


 In his second point of error, appellant complains the trial court improperly denied
his motion to quash based on a theory of "law of the case." During oral argument, counsel for
appellant conceded that the denial of the motion to quash does not present a "law of the case"
situation; therefore, appellant has waived this argument. See Able, 981 S.W.2d at 771. 
Moreover, appellant did not argue "law of the case" in his motion to quash before the trial court
and thus failed to preserve the argument for appellate review. See Tex. R. App. P. 33.1(a).

 Even assuming appellant had preserved this argument, it is not applicable here. The
doctrine of "law of the case" provides that determinations on questions of law are dispositive of
the same questions of law in subsequent stages of the case. Howlett v. State, 946 S.W.2d 870, 874
(Tex. App.--Eastland 1997, no pet.). The purported determination that appellant's guilty plea was
not voluntary is not a question of law, and the present case is not a subsequent stage of the 1995
case. Point of error two is overruled.


CONCLUSION



 We hold that appellant waived any complaint regarding the denial of his plea in bar;
failed to preserve for review his argument that the trial court erred in not quashing his indictment
under a theory of collateral estoppel; and waived his argument that his motion to quash should
have been granted under the doctrine of "law of the case." Regardless, we find each of appellant's
arguments to be without merit. The judgment is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 15, 1999