# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00388-CR

**The State of Texas, Appellant**

**v.**

**Kirk Franceschini, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
## NO. 562813, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING

The State appeals an order granting appellee Kirk Franceschini's motion to quash the information in a criminal proceeding charging him with reckless operation of a boat and excessive speed under the Water Safety Act. *See* Tex. Parks & Wild. Code Ann. §§ 31.094-.096 (West 1991). We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 1997, appellee was involved in a boating accident on Lake Travis. On October 2, 1997, the State filed an information, alleging appellee engaged in deadly conduct. *See* Tex. Pen. Code Ann. § 22.05 (West 1994). Appellee filed a motion to quash, arguing among other grounds that the State had improperly charged him under the deadly conduct statute and that he was required to be charged under the more specific Water Safety Act. *See* Tex. Parks & Wild. Code Ann. §§ 31.094-.096 (West 1991). The State amended and refiled the information based on subsequent

motions to quash filed by appellee. At a hearing in April 2000 to amend the refiled information, appellee agreed to waive the statute of limitations with regard to the deadly conduct charge. The next day, the trial court granted appellee's motion to quash on the ground that the State was required to charge appellee under the Water Safety Act. The State filed a notice of appeal, but subsequently filed a motion to dismiss the appeal.

On July 14, 2000, the State filed another information, alleging reckless operation and excessive speed violations under the Water Safety Act. Appellee filed a motion to quash, arguing among other grounds that the two-year statute of limitations had expired before the charges under the Water Safety Act were filed. On June 18, 2001, the trial court granted appellee's motion. The State appeals to this Court.

**DISCUSSION**

The State raises four points of error on appeal: (1) the trial court erred in granting appellee's motion to quash based on the limitations defense; (2) the trial court erred in granting appellee's motion to quash based on the limitations defense because that defense was not properly raised; (3) appellee is equitably barred from claiming that section 22.05 of the Texas Penal Code and sections 31.094-.096 of the Texas Parks and Wildlife Code are in *pari materia*, thus requiring appellee to be charged under the more specific provisions of the Texas Parks and Wildlife Code, and at the same time claiming that the statutes are different offenses for purposes of statutes of limitations; and (4) the trial court erred in finding that section 22.05 of the Texas Penal Code and sections 31.094-.096 of the Texas Parks and Wildlife Code are in *pari materia*. To put the State's arguments in context, we will consider the points out of order.

2

The State contends by its fourth point of error that the trial court erred in finding that section 22.05 of the Texas Penal Code and sections 31.094-.096 of the Texas Parks and Wildlife Code are in *pari materia*, thus requiring appellee to be charged under the more specific provisions of the Texas Parks and Wildlife Code. This, however, was the ruling of the trial court in the case charging appellee with deadly conduct under the Texas Penal Code. Although the State appealed that ruling, it subsequently dismissed the appeal. Accordingly, that issue is not before this Court to consider. The State's fourth point of error is overruled.

The State contends by its second point of error, that the trial court erred in granting appellee's motion to quash based on the statute of limitations defense because that defense was not properly raised. Relying on *Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998), the State claims that appellee "failed to properly raise the defense of limitations issue by failing to file, prior to trial, a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure." The State contends that appellee's motion to quash was insufficient because it cited the statute of limitations for felonies rather than misdemeanors. The State further argues appellee failed to assert in the motion that it appears from the face of the information that prosecution for the offense is barred by a lapse of time. We do not find these arguments persuasive. First, a motion to quash is sufficient to raise the issue of an alleged defect. *See McCoy v. State*, 932 S.W.2d 720, 724 (Tex. App—Fort Worth 1996, pet. ref'd). Second, the fact that appellee cited article 12.01 (statute of limitations for felonies) rather than article 12.02 (statute of limitations for misdemeanors) is not dispositive. *See* Tex. Crim. Proc. Code Ann. arts. 12.01, .02 (West 1977 & Supp. 2002). The motion states in relevant part:

That the charging of this new offense in this INFORMATION is BARRED by the Statute of Limitations. Article 12.01 of the Texas Code of Criminal Procedure requires that an information for any misdemeanor must be presented within two years from the date of the commission of the offense and not afterward. The information in this cause was filed on July 14, 2000 and alleges an offense date of July 19, 1997.

Our reading of the above language supports appellee's contention that he has adequately asserted in his motion that it appears from the face of the information that prosecution for the offense is barred by limitations. Accordingly, the State's second point or error is overruled.

By its first and third points of error, the State contends that appellee should be equitably estopped from raising the defense of limitations. In its first point of error, the State contends that appellee's waiver of the statute of limitations in the case charging him with deadly conduct under the Texas Penal Code also operates as a waiver of the statute of limitations in this case charging him with violations of the Water Safety Act because the same conduct is at issue in both charges. We disagree. Our reading of the record indicates that appellee entered into an agreement in which the State agreed to strike that portion of the information that recited multiple filings of the same charge—deadly conduct—in exchange for appellee's agreement to waive the statute of limitations with regard to that charge. At the April 2000 hearing to amend the information alleging deadly conduct, the State requested leave of court to file an amended information which was to include the following paragraph:

And I do further present in and to said court that heretofore, on the 2nd day of October, 1997, the complaint and information based on said complaint were duly filed in this court charging said Kirk Franceschini with the said offense charged in this information, and while said complaint and information were pending and thereafter on the 17th day of June, 1998, a complaint and information based on said complaint were duly filed in this court charging said Kirk Franceschini with the said offense

4

charged in this information, and while said complaint and information were pending and thereafter on the 14th day of April, 2000, a complaint and information based on said complaint were duly filed in this court charging said Kirk Franceschini with the said offense charged in this information, against the peace and dignity of the State.

The following colloquy then occurred:

APPELLEE'S COUNSEL: . . . The thing I did not write in my Motion to Quash, Judge, is the second paragraph of the information is totally unnecessary. And I'm concerned that that pleading – so many complaints and informations will prejudice the jury to think that Mr. Franceschini has been charged several times with this type of crime.

I would ask that the second paragraph of the information be struck, or not read to the jury. I just think it's – it attempts to deal with the statute of limitations issue, but I think the record handles that. I don't think you need to put it in the information why the statute of limitations is tolled. So that's the one thing I did not put in my Motion to Quash. But I object to that second paragraph relating to prior complaints.

. . . .

STATE'S ATTORNEY: Judge, if defense counsel's willing to waive any argument as to limitations having run, then State is willing to waive the reading of that second paragraph to the jury.

APPELLEE'S COUNSEL: I agree to that.

THE COURT: Just waive the reading of it?

STATE'S ATTORNEY: If defense counsel stipulates the limitations has not run.

THE COURT: That's fine with me.

APPELLEE'S COUNSEL: That's fine.

5

. . . .

STATE'S ATTORNEY:    Judge, is the Court accepting the stipulation from the defense counsel that it is – that the statute of limitations has not run?

THE COURT:    Was that the stipulation?

APPELLEE'S COUNSEL:    Yes.

THE COURT:    I'll accept that.

This exchange does not translate into an agreement to waive the statute of limitations with regard to charges of reckless operation and excessive speed which were later filed. Appellee did not agree to waive the statute of limitations for any offense that the State could conceivably charge him with stemming from the conduct alleged; rather, appellee agreed to waive the statute of limitations with regard to the offense charged in that case, deadly conduct. The State's first point of error is overruled.

By its third point of error, the State contends that if appellee prevails in his in *pari materia* argument, he should be equitably estopped from claiming that the statutes are not the same for purposes of applying the statute of limitations to the offense alleged in this case. Under this argument, the State claims that the statute of limitations, with regard to the violations of the Water Safety Act, was tolled during the pendency of the information filed alleging deadly conduct. *See* Tex. Code Crim Proc. Ann. art. 12.05(b) (West 1977). In other words, because the deadly conduct offense constituted the "same" offense as the violations under the Water Safety Act, the statute of limitations for the violations of the Water Safety Act should be tolled during the pendency of the filing of the deadly conduct information. The State relies on *State v. Yount*, 853 S.W.2d 6 (Tex. Crim.

6

App. 1993), in support of its equitable estoppel argument. The *Yount* case, however, is distinguishable. In that case, Yount was charged with involuntary manslaughter and requested an instruction on the lesser-included offense of DWI at the charging conference. *Id.* at 7. The request was granted, and the jury convicted Yount of the lesser-included offense. *Id.* He then filed a motion to set aside the judgment, claiming that the DWI conviction was barred by the statute of limitations. *Id.* The appellate court affirmed the judgment of the trial court. *Id.* The State appealed, and the court of criminal appeals affirmed Yount's conviction, concluding that Yount

> cannot benefit from the lesser-included offense instruction and then attack his conviction of that lesser-included offense on limitations grounds. Since Appellee requested that the jury be instructed on the lesser-included offense, he is now estopped from complaining that his conviction of that offense is barred by limitations.

*Id.* at 8. The present case does not involve a lesser-included offense; rather, it involves a more specific offense under which the trial court held the appellee should have been charged. In addition, in *Yount*, the defendant requested a lesser-included offense instruction for an offense for which the statute of limitations had expired at the time he made the request. In contrast, the appellee in the present case argued from the outset, beginning with the first motion to quash filed February 13, 1998, that the Texas Penal Code provision and the Water Safety Act provisions were in *pari materia*. Unlike the defendant in *Yount*, here appellee did not wait for the statute of limitations to expire before requesting the State to take the appropriate action; rather, appellee notified the State as soon as possible.

The State has considerable discretion in determining under which statute a defendant is charged. *See State v. Shelton*, 802 S.W.2d 80, 81 (Tex. App.—Austin 1990), *rev'd on other*

7

*grounds,* 830 S.W.2d 605 (Tex. Crim. App. 1992); *Meshell v. State*, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987). Appellee asserted that the Texas Penal Code provision and the Water Safety Act provisions were in *pari materia* by filing motions to quash when he was charged under section 22.05 of the Texas Penal Code.[1] The State had discretion to charge appellee under any appropriate statute. If the State, as it contends in its brief to this Court, believed that the statutes were not in *pari materia*, there is no reason the State could not charge appellee under the Water Safety Act also. If the State had charged appellee under the Water Safety Act and obtained a conviction under both the deadly conduct provision and the Water Safety Act provisions, the State's position would be considerably different. Where the State has prosecuted under both a general and a specific provision and has obtained a conviction under both, the appropriate remedy is to affirm the conviction that the State should have prosecuted and vacate the other. *Burke v. State*, 28 S.W.3d 545, 547 n.3 (Tex. Crim. App. 2000).

Under the facts of this case, appellee asserted that he should be charged under the Water Safety Act and the State had the discretion to file charges under that Act within the two-year limitations period. Appellee put the State on notice regarding his in *pari materia* claim from the outset. The State received an unfavorable ruling on the in *pari materia* issue from the trial court in the case charging deadly conduct and failed to pursue an appeal of that ruling. We hold that appellee is not equitably estopped from asserting the affirmative defense of limitations. The State's third point of error is overruled.

---

[1] Appellee filed motions to quash asserting this argument on February 13, 1998; September 3, 1998; November 18, 1998; April 19, 2000; April 27, 2000; and May 10, 2000.

Accordingly, we hold that the trial court did not err in granting appellee's motion to quash the information on the ground that the charges were barred by the statute of limitations. The order of the trial court is affirmed.

_____

Justice Jan P. Patterson

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: March 21, 2002

Do Not Publish

9